IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL R. DAVIS,

                Plaintiff,                      OPINION AND ORDER

    v.

                                              24-cv-199-wmc

TILLMER THOMPSON and
ROBERT RAASCH,

                Defendants.

---

Plaintiff Joel R. Davis, representing himself, filed this civil action against defendants Tillmer Thompson and Robert Raasch for violating his Fourth Amendment rights by unconstitutionally prolonging a traffic stop. Defendants now move to dismiss the case as barred by a three-year statute of limitations. (Dkt. #8.) In response, Davis concedes the applicable limitations period for his claim is three years, but argues it should be deemed equitably tolled due to the "extraordinary and unforeseen" impacts the COVID-19 pandemic. Because the suit is untimely and plaintiff has provided no persuasive reason that equitable tolling should apply, the court will grant the defendants' motion to dismiss.

BACKGROUD[1]

On July 29, 2019, defendant Tillmer Thompson, a police officer for the Viroqua Police Department, stopped Davis after noticing a missing passenger side mirror. During

---

[1] Unless otherwise indicated, the facts in this section are drawn from the complaint and affidavit plaintiff submitted in response to defendants' motion to dismiss. (Dkts. ##1, 14-2.) Because plaintiff represents himself, his submissions are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Moreover, the alleged facts and all reasonable inferences are viewed in a light most favorable to plaintiff as the non-moving party. *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 878 (7th Cir. 2022).

1

the stop, Thompson also determined that Davis' license was suspended.  Thompson then returned to his squad car to write Davis a citation.  Around this time, another Viroqua police officer, defendant Robert Raasch, arrived at the traffic stop and began questioning Davis.  Sometime later, yet another officer arrived at the scene with a drug sniffing K-9 unit.  After the K-9 "alerted" on Davis' vehicle, he was ordered to step out of his vehicle and was arrested.

On March 27, 2024, Davis filed a complaint in this court alleging that his Fourth Amendment rights were violated because the traffic stop was prolonged unreasonably.  Acknowledging that his complaint was untimely under the applicable statute of limitations, Davis affirmatively alleges in his complaint that the time to file his suit should be "enlarged" for two reasons: (1) the COVID-19 pandemic; and (2) a motion to suppress evidence filed during Davis's subsequent criminal case was not decided by the Wisconsin Court of Appeals until August 19, 2021.[2]

OPINION

Specifically, defendants argue that Davis's case does not warrant tolling because: (1) an order by the Wisconsin Court of Appeals suppressing evidence obtained during the traffic stop in plaintiff's favor is irrelevant to the applicable statute of limitations in this

---

[2] Although plaintiff states in his complaint that the statute of his limitations should be enlarged because the suppression motion was not decided until August 19, 2021, plaintiff fails to make any reference to that argument in his response to defendants' motion to dismiss.  Because defendants challenged this argument and plaintiff failed to address it, plaintiff has waived any opposition argument.  *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (finding that a party waives an argument when it does not develop an argument "related to a discrete issue," or by "not responding to alleged deficiencies in a Motion to Dismiss").

case; and (2) Davis provided only vague allegations about how the COVID-19 pandemic impacted his life, with no specific examples as to how his ability to file a claim timely was hindered, much less established that he acted diligently throughout the entire limitations period.

Because § 1983 lacks a statute of limitations provision, federal courts apply "the forum state's statute of limitations for personal injury claims." *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). In Wisconsin, that statute of limitations is now three years. Wis. Stat. § 893.53. Although this statute of limitations period applies to § 1983 claims in Wisconsin, federal law governs the accrual of the statute of limitations. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Under federal law, a §1983 claim accrues when "'the plaintiff knows or should have known that his or her constitutional rights have been violated.'" *Id.* (quoting *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). Again, the parties agree this statute of limitations began on July 29, 2019, when the traffic stop occurred, meaning the three-year statute of limitations expired on July 29, 2022. Because plaintiff did not file his complaint until March 27, 2024, his complaint is untimely unless the doctrine of equitable tolling should be applied. (Dkt. #14, at 1.)

When a state supplies the statute of limitations for a federal claim, courts also apply the equitable tolling doctrine of that state. *Shropshear v. Corp. Couns. of City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). For this reason, this court must analyze plaintiff's equitable tolling argument under Wisconsin law. "Wisconsin case law on equitable tolling is relatively sparse." *Henderson v. Jess*, No. 18-CV-680-JDP, 2021 WL 1080269, at *9 (W.D. Wis. Mar. 19, 2021) (citations omitted). Generally, courts are directed "to toll statutory

deadlines when justice requires." *State ex rel. Davis v. Cir. Ct. for Dane Cnty.*, 2024 WI 14, ¶ 39, 411 Wis. 2d 123, 4 N.W.3d 273.   More specifically, equitable tolling is a discretionary decision by a judge that requires a "case-by-case" analysis, which may be applied:  when a party misses a deadline for reasons beyond the party's control, *id*. at ¶¶ 39, 41 (citing *State ex rel. Griffin v. Smith*, 2004 WI 36, ¶37, 270 Wis. 2d 235, 677 N.W.2d 259); *or* when a failure to meet a deadline "'occurred despite the plaintiff's due diligence.'" *DeGrave v. D.O.C*, No. 21-CV-256-WMC, 2021 WL 5371393, at *2 (W.D. Wis. Nov. 18, 2021) (quoting *Henderson*, 2021 WL 1080269, at *9).

While not controlling, courts may also examine the federal equitable tolling doctrine when addressing tolling for § 1983 claims.  *Id.; Rose v. Ayala,* No. 24-CV-405-PP, 2024 WL 5200636, at *6 (E.D. Wis. Dec. 23, 2024).  Under the federal approach, equitable tolling is "an extraordinary remedy and so is 'rarely granted.'"  *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (quoting *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010)).  Thus, equitable tolling has only been found warranted when a plaintiff shows that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010).  Finally, a plaintiff bears the burden of demonstrating both elements, and a failure to demonstrate either element bars the application of the equitable tolling doctrine.  *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Here, plaintiff argues that the doctrine of equitable tolling should be applied to his case because his delay in filing was "directly caused by the extraordinary and unforeseen circumstances of the COVID-19 pandemic."  (Dkt. # 14, at 2.)  In particular, plaintiff

represents in his opposing affidavit that the pandemic left multiple family members ill, resulting in his becoming the "primary caregiver" for ill family members, including his mother and father who became "severely ill" and "required my constant care," which "directly impeded his ability to pursue legal action." (Dkt. #14-2, ¶¶ 4, 5.)  During this time, plaintiff also represents that he lost his employment, which left him relying on a public library for legal resources, such as Lexis or Westlaw, and with the library's closure due to the pandemic, he lacked even these resources.  (*Id.*, ¶ 5.)  Additionally, to establish that he exercised his due diligence, plaintiff explains that he attempted to secure representation by contacting over 50 attorneys "throughout the pandemic," without success.  (*Id.* at ¶ 6.)

Unfortunately for plaintiff, inadequate access to legal resources or assistance does not serve as a basis for equitable tolling under Wisconsin law.  *See State ex rel. Tyler v. Bett*, 2002 WI App 234, ¶ 2, 257 Wis. 2d 606, 652 N.W.2d 800 (rejecting petitioner's claim that the "alleged inadequacy of legal resources and assistance available to prison inmates provides grounds for tolling of the statutory deadline").  Additionally, "the mere fact of the pandemic" does not warrant equitable tolling, especially when plaintiff does not begin to explain how becoming a caretaker for ill family members inhibited his ability to timely file his complaint for three years.  *See Rose v. Ayala*, No. 24-CV-405-PP, 2024 WL 5200636, at *7 (E.D. Wis. Dec. 23, 2024) (denying equitable tolling to a § 1983 claim based on the effects of the COVID-19 pandemic on the plaintiff); *Brixen v. United States*, No. 20-CV-147-WMC, 2022 WL 17961295, at *1 (W.D. Wis. Dec. 27, 2022) (finding that conclusory allegations about inhibited law library access due to COVID lockdowns were

insufficient to warrant equitable tolling).  For these reasons, the alleged circumstances that the COVID-19 pandemic inflicted on plaintiff, although no doubt making his pursuit of a claim more challenging, are not viable bases for equitably tolling the filing deadline in this case.

Plaintiff's allegations also fail to show that he exercised reasonable diligence throughout the limitations period.  Plaintiff asserts that he contacted at least 50 attorneys across La Crosse, Wisconsin, and in states surrounding Wisconsin "throughout the pandemic."  (Dkt. #14-2, at 2.)  However, plaintiff has provided no details supporting these allegations, such as who he contacted, or when.  Instead, plaintiff only offers his conclusory statement that he was diligent in searching for counsel to represent him, but that is insufficient to warrant equitable tolling.  *See Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (finding that "mere conclusory allegations of diligence" do not warrant equitable tolling).  Moreover, plaintiff does not demonstrate that he was pursuing his rights from July 29, 2019, to January 31, 2020, before the pandemic was declared a Public Health Emergency, or from January of 2024 to March 27, 2024, after the emergency declaration was lifted.  By failing to show sufficient diligence during these two time periods, plaintiff has not adequately alleged that he diligently pursued his rights "throughout the limitations period and until he finally filed his untimely" complaint, which is required for the federal equitable tolling standard.  *Carpenter,* 840 F.3d at 870.

Because plaintiff has not shown that the statute of limitations should be equitably tolled, plaintiff's claim is untimely, and defendants' motion to dismiss will be granted.

ORDER

IT IS ORDERED that:

(1)  Defendants Tillmer Thompson and Robert Raasch's motion to dismiss (Dkt. #8) is GRANTED, and plaintiff Joel Davis' claims are dismissed as barred by the applicable statute of limitations.

(2)  The clerk of court is directed to enter judgment and close this case.

Entered this 13th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge